Rosa Freyre Mestre, etc., Plaintiff and Appellant, *v.* Andrés Otero Jiménez et al., Defendants and Appellees.

No. R-64-172.     Decided June 30, 1966.

*Víctor M. Pons* for appellant. *Dubón & Dubón* and *Federico García Veve* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: In this proceeding we review the *summary judgment* entered by the Superior Court, Caguas Part, by virtue of which an action for accession filed by the appellant party was dismissed. The trial judge based his decision on the fact that the title of the plaintiff herself shows that she is not the owner of the land where the building belonging to the defendant and which she seeks to purchase is located. The clause referred to reads as follows:

"Third: The purchaser, with the express consent of her husband Sergio Rodríguez, a party hereto, relieves the vendor from every right of survey, eviction and warranty because she knows through her own personal knowledge of the title of the farm, its boundaries and whatever could affect therein and the vendor herein, Ramona Rodríguez, transfers whatever right she has or could have because of any increase of area within its boundaries. The parties set forth that within the perimeter of the farm herein sold there exists a building said to belong to Andrés Otero and the occupied lot of which has not been object of sale. The purchaser sets forth that she is aware of this state of facts. Any right that the vendor has or could have regarding this situation is hereby assigned and transferred to the purchaser together with the farm, the expenses incurred in to be paid by the purchaser, and the vendor being released of all liability."

A strict understanding of the contractual will leads us to a contrary result. All said clause does is warn the purchaser (the plaintiff) of the existence of another's building within the perimeter of the farm sold. Hence the reference to the "occupied" lot, thereby pointing out that the area comprised therein has not been transferred to the owner of the construction. For that reason it is further set forth that the vendor does not assume any liability with respect to this situation and that any right she might have is ceded to the vendee who shall pay "for the expenses incurred." The only right to which the parties may refer is the right the owner of the land has to make his own any building belonging to

another and the expenses mentioned are the ones the owner of the land is bound to pay to the builder in good faith.[1] If, as the trial court holds, the lot was not sold as part of the property, to which right could the contractual provision refer; and, to which expenses?

It is significant that throughout the whole trial the claim for ownership raised by the defendant is based on extraordinary prescription, that is, in its possession, as owner, for over 34 years, together with the other legal requirements pertinent in these cases. He does not oppose any written title whatsoever for he cannot produce it. That is the reason why, upon moving for summary judgment entered in defendants' favor, they attach to the motion four sworn statements to establish the alleged usucapion.[2]

However, if there remained any doubt with respect to the impropriety of the summary judgment on the ground of the particular interpretation given by the trial judge to the oft-mentioned clause, the same would vanish upon examining the record the contents of which could not have been disregarded for the purposes of deciding the question raised. In sworn statements introduced by the plaintiff when opposing the summary judgment requested by the defendants, Isabelino Garced, brother-in-law of Juan José Rodríguez, original owner of the farm, he declares that "my brother-in-law Juan José Rodríguez never sold to Andrés Otero (Tr. Ev. 65) [predecessor of the defendants] the lot where the latter's house is located"; and the plaintiff states:

"4) That I bought the four and a half (4.50) cuerda farm already mentioned with the knowledge that the aforementioned house belonged to the heirs of Andrés Otero and that the land

---

[1] We observe, incidentally, that the owner of the land is bound to pay the market value for the property at the time he exercises his right and not merely the original cost of the building. Section 297 of the Civil Code as amended by Act No. 56 of June 16, 1964 (Sess. Laws, p. 156).

[2] The appellees shall in their day face the presumption of noninvestment sanctioned by § 365 of the Civil Code, 31 L.P.R.A. § 1426.

occupied by said house is part of the four and a half (4.50) cuerda farm described above having set forth in the deed by which I acquired said farm that within its perimeter there exists the above mentioned house belonging to Andrés Otero and whose lot has not been object of a sale, reserving my rights with respect to the situation of the house as indicated.

"5) That at no time have I acknowledged to defendants or any other person that the land occupied by said house is or ever was the property of Andrés Otero, his heirs, or of co-defendant Jesús Ramos Quiles and that, on the contrary, I always considered the land occupied by said house as part of the farm I own and which I bought from Ramona Rodríguez widow of Roure."

It is clear, then, that there exists a legitimate controversy regarding the basic fact of the ownership of the lot. This being the case it is manifestly clear that the summary judgment does not lie.

The judgment rendered by the Superior Court, Caguas Part, on November 1, 1963 shall be reversed and the case remanded so that the controversy pointed out be decided in a plenary trial.

Mr. Justice Belaval dissented.

—O—

MR. JUSTICE BELAVAL, dissenting.

San Juan, Puerto Rico, June 30, 1966

When the property object of this action belonged to Juan José Rodríguez, in 1923, the predecessor of the defendants-appellees, Andrés Otero Rivera, built a frame house in the southeastern angle of said property, close to the state highway leading from Cidra to Caguas. After several transfers not worth mentioning, by deed No. 22 of June 29, 1956 before public notary Lemuel Márques Campillo, the farm object of this action became the property of Rosa Freire

Mestre, plaintiff-appellant in this proceeding. In the clause of warranty and eviction in said deed the following is added: "The parties set forth that within the perimeter of the farm herein sold there exists a building said to belong to Andrés Otero and the occupied lot of which has not been object of sale. The purchaser sets forth that she is aware of this state of facts. Any right that the vendor has or could have regarding this situation is hereby assigned and transferred to the purchaser together with the farm, the expenses incurred in to be paid by the purchaser, and the vendor being released of all liability." From the time the house was built to such time as "every right" over the property is transferred to the plaintiff-appellant, there is a possible possession of 34 years in favor of the defendants-appellees of a portion of the farm. It is not until October 7, 1957 that it is sold, by defendants-appellees Andrés F. Otero Jiménez and Ángela Amelia Otero Jiménez to the other defendant-appellee Jesús Ramos Quiles, the parcel on which the house is located, said portion being described as a six hundred ninety-three point zero thirty-five square meter lot, as per deed number 49 of October 7, 1957 before notary Francisco Serrano Ramírez.

This transfer without consideration, inasmuch as it is not included in the price, is the dominion title of the lot of the house which plaintiff alleges to possess. The trial court sustained a motion for summary judgment on the following grounds: "The ownership of property, entails the right by accession, to the fruits and products of the property, or whatever is incorporated thereto or attached thereto, from which it is inferred that accession cannot exist without previous ownership. From the face of the deed by virtue of which the plaintiffs acquired the farm in which they allege the house in question is located it clearly appears that the lot occupied by said house has not been the object of sale. That stipulation is contrary to the ownership rights the plaintiffs

claim as essential ground for the action of accession they exercise."

In effect: Section 287 of the Civil Code of Puerto Rico provides that: "The ownership of property, whether movable or immovable, carries with it the right by accession, to everything which is produced thereby, or which is united thereto or incorporated therewith, either naturally or artificially." That section is related to § 297, which discusses the right of the owner of the land which has been built upon, sown or planted in good faith, to appropriate as his own the work, sowing or planting by previously paying the indemnity, or to oblige the person who has built to pay him the value of the land.

Puig Peña warns that "the idea of accession always revolves around the concept of ownership, so therefore, its judicial phenomenon can not occur except through the ownership and, of course, it must exist prior to the occurrence of the event" III-I Puig Peña, *Tratado de Derecho Civil Español* 115 (ed. *Revista de Derecho Privado*) and Scaevola adds that the whole right of the owner comprises in itself several other partial rights, the whole of which precisely makes up said right, such as to enjoy, to dispose of and to recover the thing. Scaevola—6 *Código Civil* 456 (ed. Reus 1949).

One of the questions raised in this case is that since plaintiff-appellant did not obtain an ownership title by purchase, but a mere transfer of "every right" the preceding vendor "had or could have" over the only right the plaintiff-appellant has, up to the present time it is the latter's right to establish, in an action of revendication, the nullity of the title deed asserted by the defendants-appellees or to challenge the nature of the possession for over thirty-four years and, in good faith, as shown by the event of the

accession itself which stems spontaneously from the very allegations of plaintiff-appellant.

Regarding the allegation that inasmuch as they are contingent questions they can be heard jointly by applying the rule we have established for the nullity actions in which the delivery of possession is also requested, it suffices to remember that the plaintiff-appellant seeks to base her right of accession on a title which does not transfer either enjoyment or possession and that, as far as its utility is concerned, she could only avail herself of a right subject to a previous declaration by a court of justice, to realize that the most orderly and fair manner for both parties to proceed to settle this matter, is by previously clarifying the right of plaintiff-appellant to claim ownership of the land.

The order entered by the Superior Court of Puerto Rico, Caguas Part, on November 1, 1963 should be affirmed.